In re Sue FULGIUM and Edward
C. Fulgium, Jr.

No. 06–04–00116–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 15, 2004.

Decided Nov. 16, 2004.

John R. Mercy, Mercy, Carter, Tidwell, LLP, Errol N. Friedman, Friedman Law Office, Texarkana, for relator.

Jo Thomason, Atchley, Russell, Waldrop & Hlavinka, LLP, Bobby Lockhart, Bowie County Dist. Atty., Texarkana, for real party in interest.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Edward C. Fulgium, Jr., and Sue Fulgium petition this Court for a writ of mandamus compelling the Honorable Jeff Addison, Judge of the County Court at Law of Bowie County, to set aside a protective order denying depositions of Kim Griffin, case manager for CASA (Court Appointed Special Advocate) of Northeast Texas, Inc. (CASA), and the custodian of records of the Texarkana Children's Advocacy Center (CAC), in a suit affecting the parent-child relationship pending in that court. The order also denied discovery of CASA's and CAC's records.

The Texas Department of Protective and Regulatory Services initiated that suit by filing a petition for protection of a child, for conservatorship, and for termination of the parent-child relationship. The children the subject of that suit are three females whose ages, at the time of suit, were sixteen, fifteen, and ten. Edward C. Fulgium, Jr., is referred to in the State's petition as the "Legal Guardian" of the children, and the Fulgiums together are referred to elsewhere in the record as the "grandparents" and the "paternal grandparents" of the children. The trial court appointed CASA as the guardian ad litem for the children. Edward C. Fulgium, Jr., answered the suit with a general denial. His counsel then caused notices of intent to take oral depositions to be served on Griffin and the custodian of records for CAC. These notices were accompanied by subpoenas duces tecum for Griffin and the records custodian to produce all records maintained by them relating to these children.

CASA and CAC moved for protection from these notices and subpoenas. After hearing, the trial court granted the protective order, finding that the records sought by the subpoenas duces tecum were "work product" and that there was no showing of "substantial need" or "undue hardship." For the reasons stated below, we deny the petition for writ of mandamus.

In their supplemental motion for protective order, CASA and CAC contended that the information sought by the depositions and the subpoenas was privileged under Section 261.201 of the Family Code, under Rule 502 of the Rules of Evidence, or under derivative judicial immunity. CASA and CAC make these same arguments in their response to the petition for writ of mandamus. In addition, CASA contends the information is protected as work product because, as guardian ad litem of the subject children, CASA is a "party's representative." CASA and CAC also contend Section 261.201 applies to them as a "designated agency" because they were appointed by the court. *See* Tex. Fam.Code Ann. § 261.001 (Vernon 2002), §§ 261.201, 261.301 (Vernon Supp.2004–2005). In the alternative, CASA and CAC contend the files are privileged under Rule 502, which honors privileges created by "law" when a

person or other entity is required to report such information. *See* Tex.R. Evid. 502; *Davidson v. Great Nat'l Life Ins. Co.*, 737 S.W.2d 312, 314 (Tex.1987).

The Fulgiums contend the work product privilege does not apply because CASA is not an attorney. If the work product privilege does apply, the Fulgiums contend that exceptions to the privilege allow discovery of the requested information. The Fulgiums contend CAC cannot claim either work product or a privilege because CAC is clearly not a party representative. The Fulgiums also contend that Section 261.201 only applies to the Department of Protective and Regulatory Services, not to CASA or CAC, and that no confidentiality is conferred to guardians ad litem under Section 107.002. *See* Tex. Fam.Code Ann. § 107.002 (Vernon Supp.2004–2005), §§ 261.001, 261.201, 261.301. Last, the Fulgiums contend that any privilege CASA could have claimed under Rule 502 has been waived by virtue of its report having been admitted into evidence. They further contend CAC cannot claim any privilege under Rule 502 because it was not required to submit a report.

▆▆▆ Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex.1994); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or, in the absence of another statutory remedy, when the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *Abor v. Black*, 695 S.W.2d 564, 567 (Tex. 1985).

▆▆▆ With respect to the resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Walker*, 827 S.W.2d at 839. The scope of discovery is generally within the trial court's discretion. *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex.1995). Mandamus will issue, though, to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex.1998).

▆▆▆ A party will not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's discovery error. An appeal will not be an adequate remedy where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error. The remedy by appeal may be inadequate where a trial court's discovery order disallows discovery which cannot be made a part of the appellate record, thereby denying the reviewing court the ability to evaluate the effect of the trial court's error. *Walker*, 827 S.W.2d at 843–44; *see Tom L. Scott, Inc. v. McIlhany*, 798 S.W.2d 556, 558 (Tex.1990).

The trial court is granted discretion under Sections 261.201, 264.408, and 264.613 of the Family Code to order disclosure of the information sought in this case, provided certain requirements have been met. *See* Tex. Fam.Code Ann. § 261.201 (Vernon Supp.2004–2005), §§ 264.408, 264.613 (Vernon 2002). Under Section 261.201, information relating to the investigation of child abuse may not be disclosed unless the court orders it disclosed after determining that disclosure is essential to the administration of justice and would not endanger the child, the person reporting the abuse, or any other person. *See* Tex. Fam.Code Ann. § 261.201. While Section 261.201 does

not specifically describe the entities to which it applies, Sections 264.408 and 264.613 provide that Section 261.201 applies to CASA and CAC. *See* Tex. Fam. Code Ann. §§ 261.201, 264.408, 264.613.

Section 264.613 provides that Section 261.201 applies to CASA. The creation of CASA is authorized by subchapter G. Tex. Fam.Code Ann. § 264.001, *et seq.* (Vernon 2002 & Supp.2004–2005); *Chacon v. Chacon,* 978 S.W.2d 633, 634 n. 1 (Tex.App.-El Paso 1998, no pet.). Section 264.613 provides that the "files, reports, records, communications, and working papers used or developed in providing services under this subchapter are confidential . . . and may only be disclosed for purposes consistent with this subchapter," and specifically lists the entities to which disclosure may be made. Tex. Fam.Code Ann. § 264.613. Neither the parents nor the grandparents of the child, or their attorney(s), are on this list. Further, Section 264.613(c) provides that "[i]nformation related to the investigation of a report of abuse or neglect of a child under Chapter 261 and services provided as a result of the investigation are confidential as provided by Section 261.201." *Id.*

CAC's records are protected by similar provisions. Under subchapter E, which applies to Child Advocacy Centers, Section 264.408 provides that the "files, reports, records, communications, and working papers used or developed in providing services under this chapter are confidential . . . and may only be disclosed for purposes consistent with this chapter," and specifically lists the entities to which disclosure may be made. Tex. Fam.Code Ann. § 264.408. As in Section 264.613, neither the parents nor the grandparents of the child, or their attorney(s), are on the list in Section 264.408. *Id.* Further, Section 264.408(b) provides that "[i]nformation related to the investigation of a report of abuse or neglect of a child under Chapter 261 and services provided as a result of the investigation is confidential as provided by Section 261.201." *Id.*

Section 261.201(a) states that "[t]he following information is confidential . . . and may be disclosed only for purposes consistent with this code and applicable federal or state law or under rules adopted by an investigating agency." Tex. Fam.Code Ann. § 261.201(a). Such information includes "except as otherwise provided in this section, the files, reports, records, communications, audiotapes, videotapes, and working papers used or developed in an investigation under this chapter or in providing services as a result of an investigation." Tex. Fam.Code Ann. § 261.201(a)(2). Section 261.201 does include an exception that the trial court "may order" disclosure if after a hearing it is determined that the requested information is "essential to the administration of justice" and not likely to endanger the life or safety of the child, the person who reported the abuse, or any other person involved. Tex. Fam.Code Ann. § 261.201(b), (c).

■ The exception allowing the trial court to order the disclosure is discretionary. Under the Code Construction Act, the word "may" creates discretionary authority. Tex. Gov't Code Ann. § 311.016 (Vernon 1998). If a hearing determines that the disclosure of the information is essential to the administration of justice and there is no danger to the child or another person, a court may order the disclosure at its discretion. The trial court held a hearing concerning the matter. Because there is no showing that the information is essential to the administration of justice or that the disclosure poses no danger to the child or another person, we cannot say the trial court clearly abused its discretion in refusing to order the dis-

closure. Further, there is no showing that disclosure would be consistent with the Family Code or required by federal or state law.

Because the Fulgiums have not shown that the trial court clearly abused its discretion in refusing to order disclosure under Section 261.201, we will not address the remaining contentions.

We deny the petition for writ of mandamus.