

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NOS. 2-09-341-CV
2-09-343-CV

S.C.S. AND K.J.S.                                                    APPELLANTS

V.

TEXAS DEPARTMENT OF FAMILY AND                                      APPELLEE
PROTECTIVE SERVICES

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. INTRODUCTION

Appellants K.J.S. and S.C.S.[2] appeal from the trial court's denial of their

motions for disclosure of information from Child Protective Services (CPS)

---

[1] _See_ Tex. R. App. P. 47.4.

[2] Because minors are involved in this appeal, we identify all parties by initials only. _See_ Tex. Fam. Code Ann. § 109.002(d) (Vernon 2008).

records.[3]  Appellants contend the trial court erred in finding that the disclosure of the CPS records is not essential to the administration of justice.  We will affirm.

---

[3] ... The Texas Public Information Act ("TPIA") requires public disclosure of government documents and information upon request, with exceptions.  Tex. Gov't Code Ann. §§ 552.101–.106 (Vernon 2004), §§ .107–.108 (Vernon Supp. 2009), §§ .109–.115 (Vernon 2004), §§ .116–.1176 (Vernon Supp. 2009), § .118 (Vernon 2004), § .119 (Vernon Supp. 2009), §§ .120–.131 (Vernon 2004), § .132 (Vernon Supp. 2009), §§ .1325–.136 (Vernon 2004), §§ .137–.142 (Vernon Supp. 2009), §§ 552.021, 552.221 (Vernon 2004). A person seeking such documents and information may file suit for a writ of mandamus or an action for a declaratory judgment against a governmental body for violating the TPIA.  Tex. Gov't Code Ann. §§ 552.321, 552.3215 (Vernon 2004).

Section 261.201 of the Texas Family Code excludes CPS documents and information relating to an investigation of child abuse or neglect from public release under the TPIA.  Tex. Fam. Code § 261.201(a) (Vernon Supp. 2009). This section establishes a specific procedure by which such documents and information may be disclosed upon motion and specific findings by a trial court. *See* Tex. Fam. Code § 261.201(b) (Vernon Supp. 2009).  We find that, in this case, this procedure was followed, and the trial court had jurisdiction to order whether the confidential CPS documents and information Appellants requested should, or should not, be disclosed.

In addition, an order which purports to dispose of all issues and all parties is a final appealable order.  *State v. Owens*, 907 S.W.2d 484, 485 (Tex. 1995); *Normand v. Fox*, 940 S.W.2d 401, 403 (Tex. App.—Waco 1997, no writ); *Jobe v. Lapidus*, 874 S.W.2d 764, 765 (Tex. App.—Dallas 1994, writ denied). In a final judgment, no further action by the trial court will be necessary to settle and determine the entire controversy.  *Normand*, 940 S.W.2d at 403; *Retana v. Tanner*, 869 S.W.2d 669, 670 (Tex. App.—San Antonio 1994, no writ).  Here, the trial court's August 5, 2009 orders denying Appellants' motions appear to be final.  Thus, we conclude that we have jurisdiction to consider this appeal.  *See* Tex. Gov't Code Ann. § 22.220 (Vernon Supp. 2009) (delineating the jurisdiction of appellate courts).

## II. BACKGROUND

On June 17, 2009, K.J.S., a self-employed family physician, and his fiancée, S.C.S., a self-employed, board-certified nurse practitioner, filed separate motions for disclosure of information from a CPS investigation conducted shortly after K.J.S. refused his former mother-in-law's request to shorten his 2008 Christmas visitation with his four-year-old daughter. The CPS investigation concerned allegations of sexual abuse of K.J.S.'s daughter and S.C.S.'s five-year-old son by Appellants, as well as allegations that S.C.S. negligently supervised her son.[4] CPS determined the allegations of abuse and negligent supervision by Appellants to be "ruled out."

CPS also conducted an investigation of Appellants in Carter County, Oklahoma,[5] in which the allegations were "ruled out." Both investigations occurred during K.J.S.'s extended visitations with his daughter.

At the July 29, 2009 hearing, Appellants testified that they sought the release of confidential information to determine whether criminal action, civil action, or both should be taken against the person making these "false reports." Both testified that if the allegations became public, it would damage their

---

[4] Appellants lived together at the time of the allegations and the CPS investigation.

[5] Although the record is unclear, we assume that the Oklahoma child welfare authorities conducted this investigation.

3

medical practices. Appellants also stated they believed the release of the information was essential to the administration of justice and was not likely to endanger anyone involved.

Following the hearing, the trial court conducted an in camera review of the CPS records and denied both motions. The trial court's findings of fact and conclusions of law included the following:

> 3. Disclosure of the report and the identity of the person making report is not essential to the administration of justice.[6]
> 4. Disclosure would not be likely to endanger the life or safety of the children, the person who made the report, or any other person participating in the investigation.
> 5. Disclosure would tend to stifle reports in the future in this case.

Appellants timely filed a notice of appeal.

## III. DISCUSSION

In two points, Appellants contend that the trial court (1) erred by not finding the disclosure of CPS records essential to the administration of justice and, thereby, (2) abused its discretion by denying their motions.

### A. Standard of Review

To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or

---

[6]... This statement also appears as the trial court's sole conclusion of law.

4

unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620. An abuse of discretion does not occur when the trial court bases its decisions on conflicting evidence. *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding). Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

B. Trial Courts Have Limited Discretion to Order Disclosure of Records of Alleged Child Abuse or Neglect

Section 261.201(a) of the Texas Family Code designates the following information as confidential:

(1) a report of alleged or suspected abuse or neglect made under this chapter and the identity of the person making the report; and (2) except as otherwise provided in this section, the files, reports, records, communications, audiotapes, videotapes, and working papers used or developed in an investigation [of alleged abuse or neglect].

Tex. Fam. Code. Ann. § 261.201(a).

5

Section 261.201(b) of the Texas Family Code provides that a court may order the disclosure of confidential information if:

(1) a motion has been filed with the court requesting the release of the information;

(2) a notice of hearing has been served on the investigating agency and all other interested parties; and

(3) after hearing and an in camera review of the requested information, the court determines that the disclosure of the requested information is:

(A) essential to the administration of justice;[7] and

(B) not likely to endanger the life or safety of:

(i) a child who is the subject of the report of alleged or suspected abuse or neglect;

(ii) a person who makes a report of alleged or suspected abuse or neglect; or

(iii) any other person who participates in an investigation of reported abuse or neglect or who provides care for the child.[8]

Tex. Fam. Code Ann. § 261.201(b).

The exception allowing the trial court to disclose confidential information under section 261.201 is discretionary. *In re Fulgium*, 150 S.W.3d 252, 253 (Tex. App.—Texarkana 2004, orig. proceeding). The word "may" creates

_____

[7] This term is not defined by statute.

[8] Section 261.201(b) also requires that a motion is filed with the court requesting the release of the information and that a notice of hearing is served on the investigating agency and all other interested parties. Here, the parties do not dispute that a motion was filed seeking the release of the CPS records, that a proper notice was given to the investigating agency and all interested parties, and that a hearing was held to determine whether or not, and to what extent, the CPS records should be disclosed.

6

discretionary authority. Tex. Gov't Code Ann. § 311.016 (Vernon 2005). If a hearing determines that the disclosure of the information is essential to the administration of justice and there is no danger to the child or another person, a court may order the disclosure at its discretion. *Fulgium*, 150 S.W.3d at 255.

C. Trial Court Did Not Abuse Its Discretion

Appellants contend that the trial court erred in finding that the disclosure of the report and the identity of the person making the report is not essential to the administration of justice. Specifically, Appellants contend that disclosure is essential to determine if civil or criminal action should be taken against the person who made these "false reports." However, Appellants point us to no case law or statute providing that dismissed or "ruled out" complaints of child abuse are automatically deemed false and without merit. Plus, the family code merely requires that suspected, not confirmed, child abuse be reported. *See* Tex. Fam. Code Ann. § 261.101(a) (Vernon 2008) ("A person having cause to believe that a child's physical or mental health or welfare has been adversely affected by abuse or neglect by any person shall immediately make a report as provided by this subchapter.").

Citing *Frost v. State*,[9] Appellants argue that this information should be disclosed because this is a false report, making a false report is a crime, and "CPS does not want to be used as a tool for false and vindictive actions." 2 S.W.3d 625, 631 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). In *Frost*, CPS conducted a thorough investigation, CPS concluded no basis for the report existed, and a jury convicted appellant of making a false report. *Id.* at 626, 628. However, neither *Frost* nor the record supports Appellants' contention that this case involves a false report. CPS conducted an investigation and, unlike in *Frost*, evidently determined that a basis for the report existed because the record is devoid of evidence of pending criminal prosecution. Agreeing with Appellants that CPS's "resources are limited and they do not need or want to spend their resources on false allegations," we further note that the aggrieved agency, CPS, saw no need to prosecute in this instance.

Confidentiality is central to the family code provisions governing the reporting of child abuse, and the State has a compelling interest in protecting the confidentiality of information used or obtained in an investigation of alleged or suspected child abuse. *Doe v. Tarrant County Dist. Attorney's Office*, 269

---

[9] ... We note that Appellant's reliance on this case is questionable because *Frost* does not even mention the release of confidential information under family code section 261.201.

S.W.3d 147, 155 (Tex. App.—Fort Worth 2008, no pet.); *see Pennsylvania v. Ritchie*, 480 U.S. 39, 57, 107 S. Ct. 989, 1001 (1987) (describing compelling interest in protecting child-abuse information).

After holding a hearing and conducting an in camera review of the confidential information, as required by section 261.201(b) of the Texas Family Code, the trial court made a finding of fact that "[d]isclosure of the report and the identity of the person making the report is not essential to the administration of justice." Tex. Fam. Code Ann. § 261.201(b)(3) (Vernon Supp. 2009). Having reviewed the briefs, the record, and the materials from the CPS investigation, we find that the trial court could have reasonably determined that the disclosure of the CPS records was not essential to the administration of justice. With the required due deference to the trial court's findings of fact and conclusions of law, as well as the restrictions on the disclosure of the confidential information contained in the CPS records, we decline to cite specific facts and find that the trial court did not err in determining that the disclosure of the information is not essential to the administration of justice.

Because we find no error in the trial court's disclosure determination, we cannot say that the trial court abused its discretion in denying Appellants'

motion for disclosure of the CPS records under section 261.201 of the Texas Family Code.  Thus, we overrule Appellants' two points.

## IV.  CONCLUSION

Having overruled Appellants' two points, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

WALKER, J. concurs without opinion.

DELIVERED:  July 22, 2010