COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                      NOS.
 2-09-341-CV

        2-09-343-CV

 

 

S.C.S. AND K.J.S.                                                             APPELLANTS

                                                   V.

 

TEXAS DEPARTMENT OF
FAMILY AND                                      APPELLEE

PROTECTIVE SERVICES

 

                                              ------------

 

            FROM
THE 158TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  INTRODUCTION








Appellants
K.J.S. and S.C.S.[2]
appeal from the trial court=s denial
of their motions for disclosure of information from Child Protective Services
(CPS)  records.[3]  Appellants contend the trial court erred in
finding that the disclosure of the CPS records is not essential to the
administration of justice.  We will
affirm.  








II.  BACKGROUND

On June
17, 2009, K.J.S., a self-employed family physician, and his fianc_e, S.C.S., a
self-employed, board-certified nurse practitioner, filed separate motions for
disclosure of information from a CPS investigation conducted shortly after
K.J.S. refused his former mother-in-law=s
request to shorten his 2008 Christmas visitation with his four-year-old
daughter.  The CPS investigation
concerned allegations of sexual abuse of K.J.S.=s
daughter and S.C.S.=s five-year-old son by
Appellants, as well as allegations that S.C.S. negligently supervised her son.[4]  CPS determined the allegations of abuse and
negligent supervision by Appellants to be Aruled
out.@  

CPS also
conducted an investigation of Appellants in Carter County, Oklahoma,[5]
in which the allegations were Aruled
out.@  Both investigations occurred during K.J.S.=s
extended visitations with his daughter. 








At the
July 29, 2009 hearing, Appellants testified that they sought the release of
confidential information to determine whether criminal action, civil action, or
both should be taken against the person making these Afalse
reports.@  Both testified that if the allegations became
public, it would damage their medical practices.  Appellants also stated they believed the
release of the information was essential to the administration of justice and
was not likely to endanger anyone involved. 


Following
the hearing, the trial court conducted an in camera review of the CPS records
and denied both motions.  The trial court=s
findings of fact and conclusions of law included the following:

3.  Disclosure of the report and
the identity of the person making report is not essential to the administration
of justice.[6]

4.  Disclosure would not be
likely to endanger the life or safety of the children, the person who made the
report, or any other person participating in the investigation.

5.  Disclosure would tend to
stifle reports in the future in this case.

 

Appellants timely filed a notice
of appeal.   

III.  DISCUSSION

In two
points, Appellants contend that the trial court (1) erred by not finding the
disclosure of CPS records essential to the administration of justice and,
thereby, (2) abused its discretion by denying their motions. 

A.  Standard of Review








To
determine whether a trial court abused its discretion, we must decide whether
the trial court acted without reference to any guiding rules or principles; in
other words, we must decide whether the act was arbitrary or unreasonable.  Low v. Henry, 221 S.W.3d 609,
614 (Tex. 2007); Cire v. Cummings, 134 S.W.3d 835, 838B39 (Tex.
2004).  An appellate court cannot
conclude that a trial court abused its discretion merely because the appellate
court would have ruled differently in the same circumstances.  E.I. du Pont de Nemours & Co. v.
Robinson, 923 S.W.2d 549, 558 (Tex. 1995); see also Low, 221 S.W.3d
at 620.  An abuse of discretion does not
occur when the trial court bases its decisions on conflicting evidence.  In re Barber, 982 S.W.2d 364, 366
(Tex. 1998) (orig. proceeding). 
Furthermore, an abuse of discretion does not occur as long as some
evidence of substantive and probative character exists to support the trial
court=s
decision.  Butnaru v. Ford Motor Co.,
84 S.W.3d 198, 211 (Tex. 2002).

B.  Trial Courts Have Limited Discretion to Order
Disclosure of Records of Alleged Child Abuse or Neglect 

Section
261.201(a) of the Texas Family Code designates the following information as confidential:

(1) a report of alleged or suspected abuse or neglect made under this
chapter and the identity of the person making the report; and

(2) except as otherwise provided in this section, the files, reports,
records, communications, audiotapes, videotapes, and working papers used or
developed in an investigation [of alleged abuse or neglect].

 

Tex. Fam. Code. Ann. ' 261.201(a).








Section
261.201(b) of the Texas Family Code provides that a court may order the
disclosure of confidential information if:

(1) a motion has been filed with the court
requesting the release of the information;

(2) a notice of hearing has been served on the investigating
agency and all other interested parties; and 

(3) after hearing and an in camera review of the
requested information, the court determines that the disclosure of the
requested information is:

(A) essential to the administration of justice;[7]
and 

(B) not likely to endanger the life or safety of:

(i) a child who is the subject of the report of
alleged or suspected abuse or neglect;

(ii) a person who makes a report of alleged or
suspected abuse or neglect; or

(iii) any other person who participates in an
investigation of reported abuse or neglect or who provides care for the child.[8]

 

Tex. Fam. Code Ann. ' 261.201(b).








The
exception allowing the trial court to disclose confidential information under
section 261.201 is discretionary.  In
re Fulgium, 150 S.W.3d 252, 253 (Tex. App.CTexarkana
2004, orig. proceeding).  The word Amay@ creates
discretionary authority.  Tex. Gov=t Code
Ann. ' 311.016
(Vernon 2005).  If a hearing determines
that the disclosure of the information is essential to the administration of
justice and there is no danger to the child or another person, a court may
order the disclosure at its discretion.  Fulgium,
150 S.W.3d at  255. 

C.  Trial Court Did Not Abuse Its Discretion

Appellants
contend that the trial court erred in finding that the disclosure of the report
and the identity of the person making the report is not essential to the
administration of justice.  Specifically,
Appellants contend that disclosure is essential to determine if civil or
criminal action should be taken against the person who made these Afalse
reports.@  However, Appellants point us to no case law
or statute providing that dismissed or Aruled
out@
complaints of child abuse are automatically deemed false and without
merit.  Plus, the family code merely
requires that suspected, not confirmed, child abuse be reported.  See Tex. Fam. Code Ann. ' 261.101(a)
(Vernon 2008) (AA person having cause to believe
that a child=s physical or mental health or
welfare has been adversely affected by abuse or neglect by any person shall
immediately make a report as provided by this subchapter.@). 








Citing Frost
v. State,[9]
Appellants argue that this information should be disclosed because this is a
false report, making a false report is a crime, and ACPS does
not want to be used as a tool for false and vindictive actions.@  2 S.W.3d 625, 631 (Tex. App.CHouston
[14th Dist.] 1999, pet. ref=d).  In Frost, CPS conducted a thorough
investigation, CPS concluded no basis for the report existed, and a jury
convicted appellant of making a false report. 
Id. at 626, 628.  However,
neither Frost nor the record supports Appellants=
contention that this case involves a false report.  CPS conducted an investigation and, unlike in
Frost, evidently determined that a basis for the report existed because
the record is devoid of evidence of pending criminal prosecution.  Agreeing with Appellants that CPS=s Aresources
are limited and they do not need or want to spend their resources on false
allegations,@ we further note that the
aggrieved agency, CPS, saw no need to prosecute in this instance. 








Confidentiality
is central to the family code provisions governing the reporting of child
abuse, and the State has a compelling interest in protecting the
confidentiality of information used or obtained in an investigation of alleged
or suspected child abuse.  Doe v.
Tarrant County Dist. Attorney=s Office, 269
S.W.3d 147, 155 (Tex. App.CFort
Worth 2008, no pet.); see Pennsylvania v. Ritchie, 480 U.S. 39, 57, 107
S. Ct. 989, 1001 (1987) (describing compelling interest in protecting child‑abuse
information).

After
holding a hearing and conducting an in camera review of the confidential
information, as required by section 261.201(b) of the Texas Family Code, the
trial court made a finding of fact that A[d]isclosure
of the report and the identity of the person making the report is not essential
to the administration of justice.@  Tex. Fam. Code Ann. ' 261.201(b)(3)
(Vernon Supp. 2009).  Having reviewed the
briefs, the record, and the materials from the CPS investigation, we find that
the trial court could have reasonably determined that the disclosure of the CPS
records was not essential to the administration of justice.  With the required due deference to the trial
court=s
findings of fact and conclusions of law, as well as the restrictions on the disclosure
of the confidential information contained in the CPS records, we decline to
cite specific facts and find that the trial court did not err in determining
that the disclosure of the information is not essential to the administration
of justice.








Because
we find no error in the trial court=s
disclosure determination, we cannot say that the trial court abused its
discretion in denying Appellants= motion
for disclosure of the CPS records under section 261.201 of the Texas Family
Code.  Thus, we overrule Appellants= two
points.  

IV.  CONCLUSION

Having
overruled Appellants= two points, we affirm the trial
court=s
judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  GARDNER, WALKER, and
MEIER, JJ.

 

WALKER, J. concurs without opinion.

 

DELIVERED:  July 22, 2010











[1]See Tex. R. App. P. 47.4.





[2]Because minors are
involved in this appeal, we identify all parties by initials only.  See Tex. Fam. Code Ann. ' 109.002(d) (Vernon
2008). 





[3]The Texas Public
Information Act (ATPIA@) requires public
disclosure of government documents and information upon request, with
exceptions.  Tex. Gov=t Code Ann. '' 552.101B.106 (Vernon 2004), '' .107B.108 (Vernon Supp. 2009),
'' .109B.115 (Vernon 2004), '' .116B.1176 (Vernon Supp. 2009),
' .118 (Vernon 2004),
' .119 (Vernon Supp.
2009), '' .120B.131 (Vernon 2004), ' .132 (Vernon Supp.
2009), '' .1325B.136 (Vernon 2004), '' .137B.142 (Vernon Supp. 2009),
'' 552.021, 552.221
(Vernon 2004). A person seeking such documents and information may file suit
for a writ of mandamus or an action for a declaratory judgment against a
governmental body for violating the TPIA. 
Tex. Gov=t Code Ann. '' 552.321, 552.3215
(Vernon 2004).  

Section
261.201 of the Texas Family Code excludes CPS documents and information
relating to an investigation of child abuse or neglect from public release
under the TPIA.  Tex. Fam. Code ' 261.201(a) (Vernon
Supp. 2009).  This section establishes a
specific procedure by which such documents and information may be disclosed
upon motion and specific findings by a trial court.  See Tex. Fam. Code ' 261.201(b) (Vernon
Supp. 2009).  We find that, in
this case, this procedure was followed, and the trial court had jurisdiction to
order whether the confidential CPS documents and information Appellants
requested should, or should not, be disclosed. 


In addition, an order which purports to dispose of all issues and all
parties is a final appealable order.  State
v. Owens, 907 S.W.2d 484, 485 (Tex. 1995); Normand v. Fox, 940
S.W.2d 401, 403 (Tex. App.CWaco 1997, no writ); Jobe v. Lapidus, 874
S.W.2d 764, 765 (Tex. App.CDallas 1994, writ denied). In a final judgment,
no further action by the trial court will be necessary to settle and determine
the entire controversy.  Normand,
940 S.W.2d at 403; Retana v. Tanner, 869 S.W.2d 669, 670 (Tex. App.CSan Antonio 1994, no
writ).  Here, the trial court=s August 5, 2009 orders
denying Appellants= motions appear to be
final.  Thus, we conclude that we have
jurisdiction to consider this appeal.  See
Tex. Gov=t Code Ann. ' 22.220 (Vernon
Supp. 2009) (delineating the jurisdiction of appellate courts).  





[4]Appellants lived together
at the time of the allegations and the CPS investigation. 





[5]Although the record is
unclear, we assume that the Oklahoma child welfare authorities conducted this
investigation.





[6]This statement also
appears as the trial court=s sole conclusion of law. 





[7]This term is not defined
by statute.





[8]Section 261.201(b) also
requires that a motion is filed with the court requesting the release of the
information and that a notice of hearing is served on the investigating agency
and all other interested parties.  Here,
the parties do not dispute that a motion was filed seeking the release of the
CPS records, that a proper notice was given to the investigating agency and all
interested parties, and that a hearing was held to determine whether or not,
and to what extent, the CPS records should be disclosed.





[9]We note that Appellant=s reliance on this case
is questionable because Frost does not even mention the release of
confidential information under family code section 261.201.