In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00134-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

                                                                TONYA
ALLEN

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                            Memorandum
Opinion by Justice Moseley

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Tonya Allen petitions this Court for
a writ of mandamus compelling the Honorable Rebecca Simpson, Judge of the
County Court at Law Number One of Gregg County, to set aside the order entitled
“Temporary Order Following Adversary Hearing,” granting temporary managing
conservatorship of Allen’s child to the Texas Department of Family and
Protective Services (the Department), and to compel Respondent to enter an
order directing the return of the child to Allen.  

            According to Allen’s petition, her
child was removed from her care and custody by the Department on November 21,
2011.  The following day, the Department
is alleged to have filed its “Original Petition for Protection of a Child, for
Conservatorship, and for Termination in Suit Affecting the Parent-Child
Relationship,” as well as its “Order for Protection of a Child in an
Emergency.”  The order of  which Allen complains was entered on December
5, after an adversary hearing.   Allen
complains the trial court abused its discretion in issuing the temporary order
because the evidence is legally and factually insufficient to support the
following findings:

(1) there was a danger to the physical health or
safety of the child which was caused by an act or failure to act of the person
entitled to possession and for the child to remain in the home is contrary to
the welfare of the child; (2) the urgent need for protection required the
immediate removal of the child and reasonable efforts consistent with the
circumstances and providing for the safety of the child, were made to eliminate
or prevent the child’s removal; and (3) reasonable efforts have been made to
enable the child to return home, but there is a substantial risk of a
continuing danger if the child is returned home.

 

            Mandamus is an extraordinary remedy
and will issue only when the record establishes (1) a clear abuse of discretion
or the violation of a duty imposed by law, and (2) the absence of a clear and
adequate remedy at law.  Cantu v. Longoria, 878 S.W.2d 131, 132
(Tex. 1994); In re Fulgium, 150
S.W.3d 252, 254 (Tex. App.—Texarkana 2004, orig. proceeding).  “With respect to resolution of factual issues
or matters committed to the trial court’s discretion, the reviewing court may
not substitute its judgment for that of the trial court.”  Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). 
Moreover, mandamus is available only in the absence of a factual dispute
of consequence.  Id. at 839–40.  When the
trial court’s judgment is based on conflicting evidence and some of this
evidence reasonably supports the court’s decision, there is no abuse of
discretion.  Butnaru v. Ford Motor Co., 84 S.W.3d 198, 211 (Tex. 2002).  Where, as here, a relator seeks to overrule a
decision based on factual issues or matters committed to the trial court’s
discretion, she has the burden to show the trial court could have reached only
one decision on the facts.  Walker, 827 S.W.2d at 839–40.

            The order of the trial court recites
that “a full adversary hearing pursuant to § 262.205, Texas Family Code, was
held in this case.”  The order indicates
Allen was present and represented by the attorney now filing this mandamus
petition on her behalf.   The trial court
“examined and reviewed the evidence, including the sworn affidavit accompanying
the petition and based upon the facts contained therein,” made the findings
with which Allen takes issue.     

            In order to make a determination of
whether the trial court could have reached only one decision on the facts and
evidence presented, a review of the record of the hearing, together with all
exhibits and the referenced sworn affidavit, would be necessary.  Allen had the obligation to provide us with
evidence in support of her claim that she is entitled to mandamus relief.  No portion of any clerk’s record or
reporter’s record has been filed with this Court.  The absence of a mandamus record prevents us
from evaluating the circumstances of this case and, consequently, the merits of
Allen’s complaints.  See Tex.
R. App. P. 52.7.

            We deny the petition for writ of
mandamus.

 

 

                                                                                    Bailey
C. Moseley

                                                                                    Justice

 

Date
Submitted:          December 20, 2011

Date
Decided:             December 21, 2011