

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00134-CV

_____

IN RE:
TONYA ALLEN

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Tonya Allen petitions this Court for a writ of mandamus compelling the Honorable Rebecca Simpson, Judge of the County Court at Law Number One of Gregg County, to set aside the order entitled "Temporary Order Following Adversary Hearing," granting temporary managing conservatorship of Allen's child to the Texas Department of Family and Protective Services (the Department), and to compel Respondent to enter an order directing the return of the child to Allen.

According to Allen's petition, her child was removed from her care and custody by the Department on November 21, 2011. The following day, the Department is alleged to have filed its "Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship," as well as its "Order for Protection of a Child in an Emergency." The order of which Allen complains was entered on December 5, after an adversary hearing. Allen complains the trial court abused its discretion in issuing the temporary order because the evidence is legally and factually insufficient to support the following findings:

> (1) there was a danger to the physical health or safety of the child which was caused by an act or failure to act of the person entitled to possession and for the child to remain in the home is contrary to the welfare of the child; (2) the urgent need for protection required the immediate removal of the child and reasonable efforts consistent with the circumstances and providing for the safety of the child, were made to eliminate or prevent the child's removal; and (3) reasonable efforts have been made to enable the child to return home, but there is a substantial risk of a continuing danger if the child is returned home.

2

Mandamus is an extraordinary remedy and will issue only when the record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994); *In re Fulgium*, 150 S.W.3d 252, 254 (Tex. App.—Texarkana 2004, orig. proceeding). "With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). Moreover, mandamus is available only in the absence of a factual dispute of consequence. *Id.* at 839–40. When the trial court's judgment is based on conflicting evidence and some of this evidence reasonably supports the court's decision, there is no abuse of discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). Where, as here, a relator seeks to overrule a decision based on factual issues or matters committed to the trial court's discretion, she has the burden to show the trial court could have reached only one decision on the facts. *Walker*, 827 S.W.2d at 839–40.

The order of the trial court recites that "a full adversary hearing pursuant to § 262.205, Texas Family Code, was held in this case." The order indicates Allen was present and represented by the attorney now filing this mandamus petition on her behalf. The trial court "examined and reviewed the evidence, including the sworn affidavit accompanying the petition and based upon the facts contained therein," made the findings with which Allen takes issue.

In order to make a determination of whether the trial court could have reached only one

3

decision on the facts and evidence presented, a review of the record of the hearing, together with all exhibits and the referenced sworn affidavit, would be necessary. Allen had the obligation to provide us with evidence in support of her claim that she is entitled to mandamus relief. No portion of any clerk's record or reporter's record has been filed with this Court. The absence of a mandamus record prevents us from evaluating the circumstances of this case and, consequently, the merits of Allen's complaints. *See* TEX. R. APP. P. 52.7.

We deny the petition for writ of mandamus.

Bailey C. Moseley
Justice

Date Submitted: December 20, 2011
Date Decided: December 21, 2011

4