

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00032-CV

IN RE:  DAVID. J. INGRAM

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

David J. Ingram has filed a petition for writ of mandamus asking this Court to direct the Honorable Jim Ammerman, II, to vacate three orders filed jointly in two different, but related, cases pending in the County Court at Law of Harrison County. We deny the requested relief.

## I. Background

After Betty Allen was appointed as the independent executrix of the estate of her mother, Betty Lou Ingram, her actions in that capacity were immediately called into question by David Ingram, Allen's brother. Less than two months after Allen's appointment, Ingram filed an application to remove Allen as the independent executrix of their mother's estate. Thereafter, Ingram filed a separate lawsuit in the County Court at Law objecting, among other things, to the inventory, appraisement, and list of claims filed in the probate matter.[1] The parties ultimately entered into a Rule 11 agreement which was filed in both the probate matter and the civil lawsuit.[2] The Rule 11 agreement provided for the distribution of Betty's estate and purported to discharge Allen, individually and as executrix of the Estate of Betty Ingram, from liability for the claims asserted by Ingram in the probate and civil matters.[3]

---

[1]The original petition filed in cause number 2012-9358-CCL was not made a part of the mandamus record. The probate matter, also pending in the County Court at Law of Harrison County, is cause number 2012-16,1610-CCL.

[2]Although the respondent and the parties treated the probate and civil matters as one proceeding in the lower court, a consolidation order is not included in the mandamus record.

[3]The agreement included the following release:

> Except as to the rights, liabilities and obligations created by this instrument, for the same consideration, the receipt and sufficiency of which is hereby acknowledged, David J. Ingram and James B. Ingram have this day released and by these presents do release, acquit and forever discharge Betty M. Allen, individually and [as] executrix of the Estate of Betty Lou Ingram, as

2

The agreement provides that Ingram will receive certain Ore City/Upshur County property[4] (as described in the inventory) and further provides that Allen and Taylor shall pay the sum of $80,000.00 to Ingram and James[5] in equal shares of $40,000.00 to equalize the value of the properties that each of the parties received in the distribution of Betty's estate.[6]

Unconvinced that Allen would fulfill the terms of the agreement, Ingram filed a motion and an amended motion to enforce the agreement or to set aside the agreement and remove Allen as executrix of Betty's estate. In support of the amended motion, Ingram alleged (1) that, even though more than ninety days have passed since the agreement was executed, Ingram has not been provided with a deed to the Ore City/Upshur County property, (2) that Ingram has not been paid the funds owed him under the agreement for the ten acres adjoining the homestead while Allen has deeded five of the ten acres to her daughter and son-in-law, and (3) that the agreement should be set aside for fraud in the inducement based on allegations that Allen deeded five of the

---

well as her agents, servants, employees, and all persons, natural or corporate, in privity with her, from any and all claims or causes of action of any kind whatsoever, at common law, statutory or otherwise, that David J. Ingram and James B. Ingram have or might have, known or unknown, now existing or that might arise hereafter against those parties hereby released, including but not limited to, all of the claims which David J. Ingram and James B. Ingram have or may have against the parties hereby released as a result of the claims made in the above entitled and numbered lawsuit or above entitled and numbered estate, it being intended to release all claims of any kind which David J. Ingram and James B. Ingram have against those hereby released.

Nothing in the record indicates that either lawsuit has been dismissed.

[4]The parties to the Rule 11 agreement are Allen, Cecilia A. Taylor, Ingram, and James B. Ingram. These individuals are purportedly all of the devisees under Betty's will.

[5]James did not join in the filing of this mandamus action.

[6]Allen and Taylor were required, under the agreement, to use their best efforts to obtain financing for the amounts to be paid and to "make every effort to close this sale on or before December 15, 2013."

ten acres for which Ingram was to receive a pay-out when that property stood as security for the pay-out.[7]

In this mandamus action, Ingram asks this Court to order the trial court to vacate (1) its order denying his motion to set aside the Rule 11 agreement, (2) at least two additional orders denying Ingram discovery related to his alleged breach of contract/fraud in the inducement claims, and (3) an order denying Ingram's motion to disqualify Allen's attorney.[8]

## II.    Mandamus Relief

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision "so arbitrary and unreasonable it amounts to a clear and prejudicial error of law or it clearly fails to correctly analyze or apply the law." *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker*, 827 S.W.2d at 840.

---

[7]Ingram attached his affidavit to the amended motion to enforce or set aside the Rule 11 agreement, purporting to include "[a] full discussion of the fraud committed on the other heirs to the estate . . . ."

[8]The motion to disqualify was based on the premise that Allen's counsel would be a fact witness in the breach of contract/fraud in the inducement lawsuit.

4

## III.  The Challenged Orders

Ingram complains that the trial court abused its discretion in denying his amended motion to enforce or set aside the Rule 11 agreement without permitting a trial on the merits on his breach of contract and/or fraud in the inducement claim and in affirmatively determining that the Rule 11 agreement is a binding contract.  Ingram further contends that the trial court abused its discretion in denying discovery on the issues raised in his amended petition.[9]

Written settlement agreements may be enforced as contracts even if one party withdraws consent before judgment is entered on the agreement.  *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995).  A claim to enforce a disputed settlement agreement should be raised through an amended pleading or counterclaim asserting breach of contract.  *Id*. at 462; *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996) (orig. proceeding) (per curiam) (when settlement dispute arises while trial court has jurisdiction over underlying action, claim to enforce agreement should be asserted through amended pleading or counterclaim in original cause in that court); *Batjet, Inc. v. Jackson*, 161 S.W.3d 242, 245 (Tex. App.—Texarkana 2005, no pet.) (same).

In this case, although Ingram alleges that he filed an amended pleading raising breach of the settlement agreement and/or fraud in its inducement, this pleading is not included in the

---

[9]The challenged orders (in addition to the order denying the motion to enforce or set aside the agreement) deny Ingram's motion to compel production of accounting and financial records and the original deed and bank statement. The trial court entered an additional order denying Ingram's motion to disqualify counsel, as well as an order granting Allen's motion to quash interrogatories and requests for production of documents.

mandamus record.[10]  We deny mandamus relief, however, based on Ingram's failure to establish the absence of a clear and adequate remedy at law.  *See Walker*, 827 S.W.2d at 839–40.  After the Rule 11 agreement was executed and filed, Allen filed a motion to dismiss the civil lawsuit with prejudice based on the Rule 11 agreement.  There is nothing in the mandamus record, however, to indicate that the trial court ever entered a dismissal in accordance with the motion to dismiss or otherwise.  Ingram may appeal whatever final judgment has been, or will be, entered in accordance with the Texas Rules of Appellate Procedure.  On direct appeal, Ingram may include whatever issues he believes necessary to protect his interests.  We, therefore, conclude that, because Ingram has an adequate remedy at law, mandamus relief is neither appropriate nor warranted.[11]  *See In re Castle Tex. Prod. Ltd. P'Ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding) (remedy of appeal after judgment is generally adequate remedy precluding mandamus).

Ingram also challenges the trial court's denial of various discovery requests.  Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal.  *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding) (per curiam); *In re Fulgium*, 150 S.W.3d 252, 254 (Tex. App.—Texarkana 2004, orig. proceeding).  A party does not have an adequate remedy by appeal when the

---

[10]"We may grant the extraordinary relief of mandamus only when the record brought forth demonstrates that the trial court has clearly abused its discretion and that the relator lacks an adequate appellate remedy." *In re Liu*, 290 S.W.3d 515, 518 (Tex. App.—Texarkana 2009, orig. proceeding) (citing *In re Team Rocket, L.P.*, 256 S.W.3d 257 (Tex. 2008) (orig. proceeding)).  Stated differently, the relator must provide this Court with a record sufficient to establish the right to mandamus relief.  *Walker*, 827 S.W.2d at 837; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3.

[11]The respondent argues that the February 24, 2014, order was a final judgment and that the last date to file a timely notice of appeal is May 25, 2014.  We express no opinion on that issue.

appellate court would not be able to cure the trial court's discovery error. *In re Fulgium*, 150 S.W.3d at 254. Thus, where a party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error, an appeal will not be an adequate remedy. *Id.* Here, each of the trial court's orders denying discovery related to discovery requests made after the parties entered into and filed their Rule 11 agreement with the trial court.[12] It is thus apparent that the disputed discovery relates to claims purportedly released in the Rule 11 agreement. Whether the trial court erred in its determination that the Rule 11 agreement is valid and binding is an issue that can be presented on direct appeal. Whether the trial court erred in its rulings on the disputed discovery is likewise an issue that can be presented on direct appeal. We, therefore, conclude that, because Ingram has an adequate remedy by appeal, mandamus will not issue with respect to the trial court's rulings on the discovery requested by Ingram after the date the Rule 11 agreement was filed with the trial court. Under the same reasoning, we further determine that mandamus will not issue with respect to the trial court's order denying Ingram's motion to disqualify counsel.

---

[12]The Rule 11 agreement was filed on October 7, 2013. The motion to compel production of the financial records of the estate was filed on January 17, 2014. The second demand to compel an accounting of the property and financial records of the estate was filed on January 27, 2014. The motion to compel production of the original deed and bank statement was filed on January 29, 2014. Allen's motion to quash discovery, which was granted by the trial court, related to interrogatories and requests for production of documents served by Ingram on March 17, 2014.

## IV.    Conclusion

We deny the petition for writ of mandamus.



Jack Carter
Justice


Date Submitted:    May 13, 2014
Date Decided:      May 14, 2014