NO. 07-05-0067-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 31, 2006

_____

CITY OF WACO, TEXAS, APPELLANT

V.

GREG ABBOTT, ATTORNEY GENERAL OF THE STATE OF TEXAS, APPELLEE
_____

FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY;

NO. GV4-02065; HONORABLE SUZANNE COVINGTON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

The City of Waco brings this appeal challenging a summary judgment upholding an opinion by the Attorney General that arrest warrant affidavits may not be withheld from disclosure under the Texas Public Information Act.  We affirm.

The undisputed facts show that an employee of the Waco Tribune made a request by electronic mail to an assistant city attorney for copies of 42 arrest warrant affidavits filed by a former city police detective in child abuse and neglect cases.   The request expressly

relied on the Texas Public Information Act[1] and recited the Waco Police Department had re-investigated these cases after retirement of the detective. The City responded by providing redacted copies of affidavits filed by the named detective and five other detectives and requesting an opinion from the Attorney General on whether the remaining portions of the records, consisting of identifying information about the child victims, was confidential and not subject to disclosure. Each of the affidavits appearing in the record is entitled "complaint/affidavit for arrest warrant," is signed by a Waco police detective, and was sworn before a magistrate.[2]

In its request for an opinion the City explained its view that disclosure of the affidavits was required by article 15.26 of the Code of Criminal Procedure, but the information about individual victims was confidential and not subject to disclosure by virtue of section 261.201 of the Family Code. It perceived those statutes as presenting an apparent conflict and concluded Family Code section 261.201 should prevail because it was the more specific statute. *See* Tex. Gov't Code Ann. § 311.026 (Vernon 2005) (listing rules for construction of codes). The City offered this explanation because a governmental entity withholding information and requesting an opinion from the Attorney General bears

---

[1] Tex. Gov't Code Ann. §§ 552.001 -.353 (Vernon 2004 & Supp. 2005). Subsequent section references are to the Public Information Act unless otherwise noted.

[2] *See generally* Tex. Code Crim. Proc. Ann. art. 15.01 *et seq.* (Vernon 2005) (concerning arrest warrants).

the burden of establishing the information falls within an exception from disclosure under the Act.[3] *Thomas v. Cornyn*, 71 S.W.3d 473, 480-81 (Tex.App.–Austin 2002, no pet.).

The Attorney General's office issued opinion OR2004-5059. It framed the question presented as whether disclosure of the affidavits was required under the Public Information Act. The opinion focused on the exemption from disclosure set out in section 552.101 of the Act for information considered "confidential by law."[4] It considered the effect of Family Code section 261.201 and article 15.26 on whether the information was confidential for purposes of section 552.101. The Attorney General agreed with the City a conflict existed between the two statutes in that context but concluded article 15.26 was the more specific provision, requiring release of the complete documents.

Unconvinced the Attorney General reached the correct result, the City filed suit for declaratory relief and a writ of mandamus directing the Attorney General to withdraw his opinion. *See* Tex. Gov't Code Ann. § 552.324 (Vernon 2004). On cross-motions for summary judgment the trial court denied the City's motion and granted the Attorney General's motion. It held the affidavits at issue were not created pursuant to Chapter 261

---

[3] The City's request for an opinion did not raise the exceptions to disclosure under § 552.103 (information relating to litigation) or § 552.108 (law enforcement and prosecutorial information), and those exceptions are not addressed. *See* Tex. Gov't Code Ann. § 552.326 (generally limiting judicial review to exceptions the governmental body "properly raised before the attorney general").

[4] There is no dispute the documents fall within the Act's definition of "public information" and are subject to disclosure unless an exception applies. *See* Tex. Gov't Code Ann. §§ 552.002(a)(1), .003(1)(iii), .021 (Vernon 2004).

of the Family Code and no conflict existed between section 261.201 and article 15.26.  The City perfected appeal from that judgment and now presents six issues for our review.

The Public Information Act states its purpose to give effect to the public policy that members of the public are entitled "to complete information about the affairs of government and the official acts of public officials," unless otherwise provided by law.  Tex. Gov't Code Ann. § 552.001 (Vernon 2004).  The Act defines public information to include information collected or maintained in connection with the transaction of official business by a governmental body. § 552.002.  Public information is available to the public, unless "considered to be confidential by law."  §§ 552.021, .101.

The relevant portion of article 15.26 provides:

> The arrest warrant, and any affidavit presented to the magistrate in support of the issuance of the warrant, is public information, and beginning immediately when the warrant is executed the magistrate's clerk shall make a copy of the warrant and the affidavit available for public inspection in the clerk's office during normal business hours. A person may request the clerk to provide copies of the warrant and affidavit on payment of the cost of providing the copies.

Family Code section 261.201(a) provides:

> The following information is confidential, is not subject to public release under Chapter 552, Government Code, and may be disclosed only for purposes consistent with this code and applicable federal or state law or under rules adopted by an investigating agency:
>
> > (1) a report of alleged or suspected abuse or neglect made under this chapter and the identity of the person making the report; and

4

(2) except as otherwise provided in this section, the files, reports, records, communications, audiotapes, videotapes, and working papers used or developed in an investigation under this chapter or in providing services as a result of an investigation.

Statutory construction presents a question of law, and we review the trial court's action *de novo*. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989). The purpose of statutory construction is to determine the legislature's intent. *Marcus Cable Assoc. v. Krohn*, 90 S.W.3d 697, 706 (Tex. 2002). Courts must always start by looking to the plain language of the statute. *In re City of Georgetown*, 53 S.W.3d 328, 331 (Tex. 2001). We may also consider other factors, including the objective sought to be obtained, legislative history, and consequences of a particular construction, even if the statutory language is not ambiguous on its face. *Helena Chemical Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001); *see also* Tex. Gov't Code Ann. § 311.023 (Vernon 2005). Moreover, courts must always consider a statute as a whole and attempt to harmonize its various provisions. *Marcus Cable*, 90 S.W.3d at 706.

We begin with the City's fourth issue, in which it questions whether the restrictions of section 261.201 "apply to child abuse information contained in arrest warrant affidavits." We hold they do not apply to the arrest warrant affidavits at issue here. This issue challenges the trial court's holding that the affidavits were not confidential because they were not documents created pursuant to Chapter 261 of the Family Code. The declaration of confidentiality in section 261.201(a) applies to two classes of information, (1) reports of

5

abuse or neglect made under Chapter 261, and as relevant here, (2) files, records, and working papers "used or developed in an investigation under this chapter[.]"

The City does not contend the affidavits are reports of abuse or neglect. We agree they do not fit within that category because section 261.103 makes clear that such reports are made to a local or state law enforcement agency, the Department of Protective and Regulatory Services, the state agency that operates, licenses, certifies or registers a facility where alleged abuse or neglect occurred, or the agency designated to be responsible for the protection of children. Tex. Fam. Code Ann. § 261.103(a) (Vernon Supp. 2005). An affidavit sworn by a peace officer before a magistrate seeking issuance of an arrest warrant is not made to any of those entities and is not a "report" within the meaning of section 261.201(a)(1).

The City argues that the affidavits are working papers used or developed in an investigation under Chapter 261. It cites no authority, arguing simply that the term "working papers used or developed in an investigation under" Chapter 261, "may reasonably be said to encompass arrest warrant affidavits." As applied to the affidavits at issue here, we do not agree. We have found no authority construing the phrase in the context of Chapter 261, and attempt no definition of it here. We also express no opinion on the extent to which affidavits in other contexts might come within the ambit of Family Code section 261.201(a)(2), but conclude that affidavits such as these, made by peace officers, and signed before and presented to a magistrate for the purpose of supporting issuance of an arrest warrant, are not records or papers declared to be confidential under that section.

6

In particular, such affidavits cannot be characterized as "working papers" in the investigation after they are filed with the magistrate. We overrule the City's fourth issue.

In its third issue, the City argues a holding the information on child victims in arrest warrant affidavits as not confidential is an absurd result the legislature could not have intended. That argument is closely related to its first issue asserting that the State has a compelling interest in keeping child abuse information confidential. We cannot disagree that the State has a compelling interest in protection of the confidentiality of such information.[5] *See Pennsylvania v. Ritchie*, 480 U.S. 39, 57, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) (describing compelling interest in protecting child-abuse information); *Texas Dept. of Human Services v. Benson*, 893 S.W.2d 236, 242 (Tex.App.--Austin 1995, writ denied) (noting purpose of confidentiality protections in Family Code to encourage reporting of suspected child abuse). Family Code section 261.201 reflects the balancing of that interest with our State's expressly stated policy that information about official acts is public. Tex. Fam. Code Ann. § 261.201(a)(1) (Vernon 2002); Tex. Gov't Code Ann. § 552.001 (Vernon 2004). Statute also provides that information contained in a public court record is not excepted from required disclosure under the Public Information Act unless made expressly confidential under other law. Tex. Gov't Code Ann. § 552.022(a)(17) (Vernon 2004). Under article 15.26, after execution of the arrest warrant, the warrant and any supporting affidavit are public court records. We cannot agree that application of the

---

[5] By listing the identity of the person making the report as the only specific fact declared confidential by section 261.201(a), the legislature's expression of that compelling interest in confidentiality differs from that of the City which disclosed that information but asserted confidentiality of information about the alleged victims.

policies reflected in the Public Information Act to the arrest warrant affidavits at issue here brings about an absurd result. We overrule the City's first and third issues.

The City's sixth issue asks whether article 15.26 applies only to requests for warrant affidavits made to a court clerk. It argues the Attorney General erred in applying this statute to the City. We overrule the issue. The relevance of article 15.26 to this appeal stems from its declaration that affidavits supporting executed arrest warrants are public information. Nothing in article 15.26 supports the view it defines the exclusive procedure for obtaining access to the records it addresses. That article 15.26 establishes an avenue independent of the Public Information Act[6] for obtaining access to arrest warrants and supporting affidavits has no effect on the availability of those documents under the Act.

As noted, the only question addressed in the Attorney General's opinion was whether the documents were excepted from the disclosure requirement of the Act. Neither the opinion nor the trial court's judgment addresses whether the records could have been requested from the clerk of the court issuing the warrants. We likewise do not address that question because those are not the facts presented and we may not express opinions on hypothetical facts. *Valley Baptist Medical Center v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000).

The City's fifth issue presents the question whether a defendant's due process rights are violated by "denial of access to certain confidential records." The request at issue was

---

[6] This is necessarily so because the judiciary is expressly excluded from the definition of governmental body under the Public Information Act. § 552.003(1)(B).

8

not made by a criminal defendant and the requester did not seek to assert the due process rights of any defendant. Moreover, the question assumes the City is correct on the core issue in this dispute, whether the records are confidential under law. Our conclusion to the contrary makes further discussion of this issue unnecessary. The City's fifth issue is overruled.

In its second issue, the City complains of the trial court's failure to conduct an *in camera* review of the records before ordering them disclosed. It presents a two-pronged argument. The first relies on cases involving criminal defendants seeking access to confidential information. As noted, those are not the facts or issues presented here. It secondly relies on the procedure under Family Code section 261.201(b) for a trial court to order disclosure of information declared confidential under that section. Because the information is not confidential under subsection (a), there was no need to order its disclosure under subsection (b), and therefore no need for an *in camera* review. We overrule the City's second issue.

Finding no reversible error in the judgment of the trial court, we affirm its judgment.


James T. Campbell
Justice


9