**CITY OF WACO, Texas, Petitioner**

v.

**Greg ABBOTT, Attorney General of the State of Texas, Respondent.**

No. 06–0545.

Supreme Court of Texas.

Dec. 1, 2006.

Ken Johnson, Assistant City Attorney, Arthur Pertile III, City Attorney, Waco, for City of Waco.

Jason D. Ray, Edward D. Burbach, Office of the Attorney General, Kent C. Sullivan, First Assistant Attorney General, Barbara Bryant Deane, Assistant Attorney General, Austin, for Greg Abbott.

Greg Abbott Attorney General of Texas, Austin, pro se.

Joe F. Grubbs, District Attorney Office, William Lee Auvenshine, Assistant County & District Attorney, Waxahachie, for Amicus Curiae The County and District Attorney of Ellis County.

PER CURIAM.

The City of Waco asked the Attorney General whether arrest-warrant affidavits produced pursuant to Texas Code of Criminal Procedure article 15.26 may be redacted as confidential, based on Family Code section 261.201, so that the identities of sexual assault victims remain classified. TEX. GOV'T CODE § 552.301. The Attorney General issued an opinion concluding that "article 15.26 more specifically governs the public availability of the submitted arrest warrant affidavits and prevails over the more general confidentiality provisions in

section 261.201," and directing the City to release the submitted arrest-warrant affidavits in their entirety. Op. Tex. Att'y Gen. No. GA–5059 (2004). The City disagreed with the Attorney General's conclusion and filed a suit for declaratory judgment and writ of mandamus. The State answered, and the parties filed cross motions for summary judgment. The trial court denied the City's motion, granted the State's, and signed a final judgment providing that "arrest warrant affidavits ... are not confidential under Family Code § 261.201 because the affidavits do not constitute documents created pursuant to Family Code ch. 261."

The City appealed, and the court of appeals affirmed the trial court's judgment. —— S.W.3d ——, 2006 WL 1490540. That court held, inter alia, that section 261.201's restrictions "do not apply to the arrest warrant affidavits at issue here." *Id.* at ——, 2006 WL 1490540 at *2.

The City petitioned this Court for review, raising six issues: (1) whether arrest-warrant affidavits containing the identity of child sexual assault victims must be released pursuant to article 15.26; (2) whether the court of appeals' decision circumvents the State's compelling interest in keeping such identities confidential; (3) whether the court of appeals correctly construed Family Code section 261.201; (4) whether the court of appeals misapplied the Public Information Act when it held that the requested information qualified as court records; (5) whether article 15.26 should be narrowly construed; and (6) whether article 15.26 is more specific than Family Code section 261.201. The City and the State have now jointly moved to dismiss the case as moot and settled, and they also ask that we reverse and vacate the court of appeals' judgment and opinion. Citing article 57.02(h) of the Code of Criminal Procedure, the parties now agree that "the identities of child victims of sexual assault should be redacted from search-warrant affidavits released to a requestor under the Public Information Act."

Pursuant to Texas Rule of Appellate Procedure 56.2, the Court grants the petition for review. Without hearing oral argument or considering the merits, the Court vacates the court of appeals' judgment and dismisses the case as moot in accordance with the parties' motion. Tex. R.App. P. 56.2. The Court expresses no opinion either on the correctness of the court of appeals' opinion or on whether article 57.02 of the Texas Code of Criminal Procedure prohibits the disclosure of the identities of child sexual assault victims in search-warrant affidavits released to a requestor pursuant to the Public Information Act, Texas Government Code chapter 552.

Justice WILLETT did not participate in the decision.