**AFFIRM; and Opinion Filed August 12, 2013.**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-01128-CV**

**ROBERT MASON, Appellant**
**V.**
**DAVID GLICKMAN, Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-15728**

# OPINION

Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Lang-Miers

The trial court granted summary judgment in this defamation case in favor of appellee

David Glickman and against appellant Robert Mason. In this Court, Mason challenges the trial

court's denial of his motion to obtain release of certain confidential information from the Texas

Department of Family and Protective Services (the "Department").[1] We affirm.

## BACKGROUND

The Department initiated an investigation of Mason based on a report that he had hit his

ten-year-old daughter three times, leaving a bruise on her head. After investigating, the

Department "ruled out" physical abuse, i.e., it determined that—based on the available

information—it was reasonable to conclude the alleged abuse did not occur. By statute, the

---

[1] Mason briefed a second issue, contending the trial court had been unable to locate and transmit the Department's records to this Court for inclusion in our record. Those records have been added as a sealed supplement to the Clerk's Record, rendering Mason's second issue moot.

identity of the person who reported the abuse allegations is kept confidential unless the reporter waives confidentiality or a judge orders disclosure. However, Mason contended he was informed that David Glickman had made the report. Glickman served as a rabbi at Congregation Shearith Israel, with which the Mason family was associated, and as Educational Director at the congregation's school, where Mason's children attended an after-school program. Mason confronted Glickman, but Glickman refused to tell Mason whether he had or had not made the report.

Mason sued Glickman for defamation.[2] During discovery, the Department produced a redacted report that included the child's statement that Mason had hit her, but did not reveal the identity of the person who reported that statement to the Department. Mason filed a Motion for Order to Texas Department of Family and Protective Services for Release of Information Deemed Confidential (the "Motion"). The parties filed a series of responses, and the trial court held a hearing on the Motion, at which counsel for the Department appeared by telephone. The trial court then reviewed the Department's file *in camera* and subsequently denied the Motion. Mason requested findings of fact and conclusions of law on the trial court's order denying the Motion, but none were made. Mason did not follow up his request with a Notice of Past Due Findings of Fact and Conclusions of Law. *See* TEX. R. CIV. PRO. 297. As a result, we must presume the trial court found facts in favor of its order so long as there is any probative evidence to support those facts. *See Allen v. Allen*, 717 S.W.2d 311, 313 (Tex. 1986).

Glickman filed a no-evidence motion for summary judgment, contending Mason could not establish that Glickman made any statement to the Department, a necessary element of the

---

[2] Mason pleaded his case in narrative fashion as "slander per se" and "negligence per se." However, throughout proceedings below, the case was addressed as a suit for defamation. During the proceedings in which Mason attempted to learn the name of the reporter, he declared: "This is a case of defamation and whether what Glickman told CPS is actionable because it was defamatory."

defamation claim.[3]  The trial court granted Glickman's motion and signed a final judgment that Mason take nothing by his claim.  Mason appeals.

## STANDARD OF REVIEW

We review a trial court's decision to allow or disallow disclosure of otherwise confidential information pursuant to the Texas Family Code for an abuse of discretion.  *See In re Fulgium*, 150 S.W.3d 252, 255 (Tex. App.—Texarkana 2004, no pet.).  We will not overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to any guiding rules or principles.  *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).  The trial court does not abuse its discretion if some probative evidence reasonably supports its decision.  *Id.*

## DISCUSSION

Mason contends the trial court erred in denying the Motion and refusing to disclose the name of the person or persons who reported him to the Department.  The general statutory rule is that the identity of the person making a report to the Department is confidential.  *See* TEX. FAM. CODE ANN. § 261.201(a)(1) (West Supp. 2012).  If the reporter does not choose to waive confidentiality, disclosure can only be obtained by compliance with the statutory mechanism found in the family code.  That mechanism provides:

> A court may order the disclosure of information that is confidential under this section if:
>
> > (1) a motion has been filed with the court requesting the release of the information;
> >
> > (2) a notice of hearing has been served on the investigating agency and all other interested parties; and

---

[3]  Glickman also moved for summary judgment based on the qualified immunity provided by the reporting statute.  Because we are affirming the summary judgment on the no-statement ground, we need not address this second ground.  *See Wayment v. Tex. Kenworth Co.*, 248 S.W.3d 883, 886 (Tex. App.—Dallas 2008, no pet.) (citing TEX. R. APP. P. 47.1).

> (3) after hearing and an in camera review of the requested information, the court determines that the disclosure of the requested information is:
>
>> (A) essential to the administration of justice; and
>>
>> (B) not likely to endanger the life or safety of:
>>
>>> (i) a child who is the subject of the report of alleged or suspected abuse or neglect;
>>>
>>> (ii) a person who makes a report of alleged or suspected abuse or neglect; or
>>>
>>> (iii) any other person who participates in an investigation of reported abuse or neglect or who provides care for the child.

*Id.* § 261.201(b).  Our record establishes that Mason filed his Motion seeking disclosure of the identity of the reporter, the trial court held a hearing at which all parties—including the Department—participated, and the trial court reviewed the Department's records in camera. Glickman did offer affidavit testimony that Mason was aggressive toward him and demanded to know whether he had reported Mason.  Glickman also pointed out Mason's experience with the martial arts.  However, the record contains no evidence that any person's life or safety could reasonably have been endangered by the disclosure sought.

The dispositive issue became whether the disclosure was essential to the administration of justice.  *See id.* §261.201(b)(3)(A).  Mason argued that without disclosure of the reporter's identity, his defamation case could not be litigated.  The trial court, in the end, had to determine whether Mason's being able to litigate his suit was essential to the administration of justice.  In his Motion, Mason contended his litigation was essential because,

> [w]ithout disclosure, no justice will be meted to Robert Mason—or to the administration of justice as such—for the damage to Robert's reputation or towards preventing publication of defamatory statements in the future about other parents and their children. Glickman should not be permitted an unearned privilege to obstruct justice and thereby have his conduct unwarrantedly protected by this court.

–4–

We understand Mason to be seeking reparation from Glickman for damaging Mason's reputation and deterrence of similar reports that could injure others in the future.

Glickman has consistently relied upon *S.C.S. v. Texas Department of Family and Protective Services*, 2-09-341-CV, 2010 WL 2889664 (Tex. App.—Fort Worth July 22, 2010, no pet.) (mem. op.). In that case, the Department "ruled out" allegations of physical and sexual abuse against the appellants, and the appellants sought disclosure of confidential information "to determine whether criminal action, civil action, or both should be taken against the person making these 'false reports.'" *Id.* at *1. Following a hearing and in camera review of the Department's records, the trial court denied the requests for disclosure. The court found as a matter of fact and concluded as a matter of law that "[d]isclosure of the report and the identity of the person making report is not essential to the administration of justice." *Id.* The court stated it lacked precedent concluding that "ruled out" allegations of abuse are "automatically deemed false and without merit." *Id.* at *2. The court also stressed that the family code requires suspected—not necessarily confirmed—child abuse to be reported. *Id.* (citing TEX. FAM. CODE ANN. § 261.101(a) ("A person having cause to believe that a child's physical or mental health or welfare has been adversely affected by abuse or neglect by any person shall immediately make a report as provided by this subchapter.")). The court of appeals ultimately concluded the trial court could reasonably have determined that the disclosure sought by appellants was not essential to the administration of justice. *Id.* at *3.

Mason argues *S.C.S.* is not helpful in his case because the appellants in *S.C.S.* did not have an existing lawsuit, as he did. Instead, he contends, they were merely "looking for claims" and "searching for civil or criminal claims of false reporting." But at the hearing on his own Motion, Mason was asked why disclosure was essential to the administration of justice in his case, and he responded: "I don't know how to proceed with my case against David Glickman or

to know whether to drop it, I guess, if that's—if the unredacted intake report is not—not produced." We do not see a significant difference between the procedural postures of Mason and the *S.C.S.* appellants. Mason also denies that his defamation case is a case for false reporting. But to prove defamation, Mason would have to show that Glickman published a false statement. *See Turner v. Church of Jesus Christ of Latter-Day Saints*, 18 S.W.3d 877, 902 (Tex. App.— Dallas 2000, pet. denied). For purposes of determining whether Mason's suit is essential to the administration of justice, we conclude any distinction between his claim and those of the *S.C.S.* appellants is one without a substantial difference.

Additionally, one of Mason's stated purposes in pursuing this litigation is to deter others from making what he calls defamatory reports of child abuse. But "[c]onfidentiality is central to the family code provisions governing the reporting of child abuse, and the State has a compelling interest in protecting the confidentiality of information used or obtained in an investigation of alleged or suspected child abuse." *Doe v. Tarrant County Dist. Attorney's Office,* 269 S.W.3d 147, 155 (Tex. App.—Fort Worth 2008, no pet.) (footnotes omitted). And these confidentiality provisions represent a determination by the legislature that granting immunity and confidentiality will encourage reporting of child abuse. *Tex. Dept. of Human Servs. v. Benson*, 893 S.W.2d 236, 242 (Tex. App—Austin 1995, writ denied). We cannot conclude that discouraging reports of suspected child abuse is a goal in keeping with that legislative determination.

In Mason's case, there was some probative evidence in the Department's redacted report that Mason's daughter said he hit her three times. Regardless of how the reporter—whether it was Glickman or someone else—learned that information, the child's statement supports a statutory duty to report. *See* TEX. FAM. CODE ANN. § 261.101(a). The statute does not speak to a duty to investigate; investigation is the Department's job. We conclude the trial court could have reasonably determined that the disclosure of the identity of the reporter in Mason's case was not

essential to the administration of justice. When we consider the importance of confidentiality in encouraging the reporting of child abuse, we cannot say the trial court abused its discretion in denying Mason's Motion.

We overrule Mason's remaining issue.

## CONCLUSION

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

121128F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT MASON, Appellant

No. 05-12-01128-CV     V.

DAVID GLICKMAN, Appellee

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-15728.
Opinion delivered by Justice Lang-Miers.
Justices Moseley and Bridges participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee DAVID GLICKMAN recover his costs of this appeal from appellant ROBERT MASON.

Judgment entered this 12th day of August, 2013.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE