

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00058-CV

_____

IN RE:  CHAD DUFFER

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

O P I N I O N

Chad Duffer has filed a petition for writ of mandamus urging that this Court order the Fifth Judicial District Court to withdraw an order denying Duffer's request to obtain discovery from the Texas Department of Family and Protective Services (the Department) and to direct that certain documents be produced. The underlying lawsuit is a wrongful death action which alleges that Arron Conkleton, while detailing a vehicle belonging to Duffer, found a pistol in the vehicle and accidentally shot and killed Semaj Williams. Williams' mother, Tiffany Smith, filed suit against Duffer and Conkleton.

In 2008, Smith agreed with the Department to voluntarily place her son with his grandmother. By means of a subpoena duces tecum, Duffer attempted to obtain confidential documents from the Department to determine more specifically the basis for the relinquishment of the child by Smith. Duffer argues that this information is critical in evaluating damages or, at the very least, that it could lead to the discovery of essential information.

The Department filed a motion for a protective order alleging that the information was confidential and refused to produce the documents without first being ordered by the court. In the absence of an order requiring production, the Department is required by statute to keep the contents of such files confidential. TEX. FAM. CODE ANN. § 261.201 (West 2014). The trial court conducted a hearing, reviewed the documents in camera, and concluded that the records were not "essential" as that term is used by the Texas Family Code. *See id.* In denying the production of the records, the court found that the records might, at most, lead to an ability to impeach Smith on collateral issues and that they contained no direct allegations of neglect.

2

Production of these confidential documents is controlled by statute. The statute reads, in relevant part, as follows:

> (b)     A court may order the disclosure of information that is confidential under this section if:
>
> > (1)     a motion has been filed with the court requesting the release of the information;
> >
> > (2)     a notice of hearing has been served on the investigating agency and all other interested parties; and
> >
> > (3)     *after hearing and an in camera review of the requested information, the court determines that the disclosure of the requested information is:*
> >
> > > (A)     *essential to the administration of justice; and*
> > >
> > > (B)     *not likely to endanger the life or safety of:*
> > >
> > > > (i)     *a child who is the subject* of the report of alleged or suspected abuse or neglect;
> > > >
> > > > (ii)     *a person who makes a report* of alleged or suspected abuse or neglect; *or*
> > > >
> > > > (iii)     *any other person who participates* in an investigation of reported abuse or neglect or who provides care for the child.

TEX. FAM. CODE ANN. § 261.201 (emphasis added).

This Court has previously found no abuse of discretion when a trial court ordered disclosure of such records. *In re Agers*, No. 06-10-00020-CV, 2010 WL 1780133 (Tex. App.—Texarkana May 5, 2010, pet. denied) (mem. op.) (hospital sued by parents of newborn who suffered brain injury sought Department's records relating to parents in attempt to discover if parents' conduct caused or influenced medical condition that caused brain injury).

In this review, we must determine whether the trial court abused its discretion by denying the discovery request. The standard for production here is that the records are "essential to the administration of justice"—not merely relevant.

3

The factors that should be considered in assessing damages for loss of companionship are "(1) the relationship between . . . a parent and child; (2) the living arrangements of the parties; (3) any absence of the deceased from the beneficiary for extended periods; [and] (4) the harmony of family relations." *Moore v. Lillebo*, 722 S.W.2d 683, 688 (Tex. 1986). Juries may award wrongful death damages in "an amount proportionate to the injury resulting from the death." TEX. CIV. PRAC. & REM. CODE ANN. § 71.010(a) (West 2008).

The Department Handbook states, among other things, that a parent may temporarily place their child with a relative when Child Protective Services (CPS) has "determine[d] that the child is not safe remaining in his or her own home." Tex. Dep't of Family and Protective Servs., Child Protective Services Handbook § 2431 (2013), available at www.dfps.state.tx.us/handbooks/CPS/. CPS may, therefore, utilize a parental-child safety placement of the sort apparently involved here when a case worker identifies a safety threat in the home, determines that a child is vulnerable to the threat, and determines that, although the parent is unable to protect the child from the threat, the parent is willing to abide by a safety plan and work to eliminate the identified threats. *Id.* at § 2431.4. A safety threat is defined as, essentially, anything that presents an immediate danger of serious harm. *Id.* at § 2312.2.

Duffer argues that, without the records, the trier of fact cannot assess the amount of time they lived apart, their living arrangements after the date of the placement, and the "harmony" of their relationship. *See Moore*, 722 S.W.2d at 688.

Mandamus is an extraordinary remedy appropriate only when a trial court has "clearly abuse[d] its discretion," and the relator "lack[s] . . . an adequate appellate remedy." *Walker v.*

4

*Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). When a trial court denies discovery going to the heart of a party's case, a trial on the merits is considered to be a waste of judicial resources, and a relator has no adequate appellate remedy. *Id.* at 843. We review a trial court's decision to allow or disallow disclosure of otherwise confidential information pursuant to the Texas Family Code for an abuse of discretion. *See In re Fulgium*, 150 S.W.3d 252, 255 (Tex. App.—Texarkana 2004, orig. proceeding) (pointing out discretionary nature of exception allowing trial court to order disclosure); *see also Mason v. Glickman*, 408 S.W.3d 691, 693 (Tex. App.—Dallas 2013, no pet.).

We have reviewed the documents in question. Many of the records do not pertain to this child and are irrelevant. Based on our independent review of the documents and in light of the important considerations stated above, we cannot conclude that the sealed documents contain information important to Duffer's defense or to a jury's determination of a proper level of damages. We find that the trial court's determination that disclosure of the information was not essential to the administration of justice in this case was within the proper exercise of its discretion.

We deny the petition for writ of mandamus.


Jack Carter
Justice


Date Submitted:     July 15, 2014
Date Decided:       July 16, 2014