

# NUMBER 13-23-00354-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE BRIGHT STARS MONTESSORI LEARNING CENTER, INC., TRENTON MONTESSORI LEARNING CENTER, ANITA M. FLORES, SANDRA E. FLORES, AND SANDRA E. FLORES D/B/A TRENTON MONTESSORI LEARNING CENTER

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Benavides[1]**

By petition for writ of mandamus, relators Bright Stars Montessori Learning Center,

Inc., Trenton Montessori Learning Center, Anita M. Flores, Sandra E. Flores, and Sandra

E. Flores d/b/a Trenton Montessori Learning Center contend that the trial court[2] abused

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number CL-22-2646-A in the County Court at Law No. 1 of Hidalgo County, Texas, and the respondent is the Honorable Rodolfo Gonzalez. *See id.* R.

its discretion by granting a motion for protective order and motion to quash in favor of the real party in interest, Carolina Narvaez, individually and as next friend of minors G.P. and V.M. This suit arises from a case involving personal injuries, and relators propounded the discovery requests at issue to non-parties in order to obtain the educational and treatment records for Narvaez, G.P., and V.M. We conditionally grant the petition for writ of mandamus in part, deny it in part, and dismiss it in part.

## I. BACKGROUND

In "Plaintiffs' Fifth Amended Petition," Narvaez, individually and as next friend of her minor children, filed suit against relators and Jorge Alberto Lopez Flores seeking actual and exemplary damages for their injuries. According to the petition, relators provided after-school day care services for G.P., who is nonverbal and autistic, including transportation from G.P.'s school, where he was attending third grade, to relators' facility for after-school day care. Narvaez asserted that relators' employee Jorge, "a convicted felon," picked up G.P. after school for transportation to day care and "sexually molested/assaulted" him on or about October 4, 2021.[3] Narvaez further alleged that relators were negligent in caring for G.P. and failed to provide health and hygiene care, thus "allowing [G.P.] to soil himself and remain uncleaned," leading to the "development of rashes and the like." Narvaez stated that relators also provided day care services for V.M., her infant daughter, which were "unsanitary and unhygienic." She alleged that these

52.2.

[3] Relators assert that the Edinburg Police Department and the Texas Health and Human Services Commission have concluded that the allegations of sexual assault against Jorge are unfounded. Our focus here is on the discovery dispute, and we do not address the merits of the allegations made in the underlying proceeding.

2

conditions caused both children to suffer lice and rashes. She specifically asserted that V.M. suffered lice infestations in April, June, and September of 2021.

Narvaez brought causes of action against relators for negligence, gross negligence, negligent hiring, intentional infliction of emotional distress, and deceptive trade practices. Narvaez filed a separate cause of action for assault and battery against Jorge. She stated that relators' actions giving rise to her lawsuit occurred generally in April through October of 2021. In relevant part, Narvaez's request for damages provides:

> 32. Plaintiffs would show that as a direct and proximate result of the incident, Plaintiffs have incurred expenses related to psychological counseling and other expenses, that Plaintiffs will continue to incur these expenses in the future, that all the charges for services which have been performed to date and which will be performed in the future are reasonable according to the standards of the county in which such services were rendered and were rendered necessary as a direct result of the intentional and negligent acts of the Defendants. Plaintiffs would further show that as a direct and proximate result of the incident, [G.P.] has suffered direct physical injury to his body as a result of the molestation and [G.P. and V.M.] have suffered direct physical injury to their persons due to unsanitary, unhygienic, unclean, and unsafe condition of the premises, as well as extreme mental anguish suffered by Plaintiffs; and in all probability, will be forced to endure and suffer mental anguish for an undetermined length of time in the future, and probably for the rest of Plaintiffs' lives.

During the course of the litigation, relators deposed Narvaez and solicited information from her regarding the family's current status and the treatment for their alleged physical and emotional injuries. Relators subsequently served notices of depositions on written questions to, *inter alia*, the educational, day care, and treatment providers mentioned by Narvaez. Relators specifically sought:

> (1) Any and all academic, scholastic, and educati[onal records, including, but not limited to, any and all [Admission, Review, and

3

Dismissal/Individualized Education Program (ARD/IEP)[4]] plans for G.P. from October 1, 2021, to present, from the Edinburg [Consolidated Independent] School District;

(2)     Any and all records related to the care of G.P. from October 1, 2021, to present, from Learning Journey, LLC;

(3)     Any and all counseling records and billing records for treatment provided to G.P. from October 1, 2021, to present from the Anchor of Hope Counseling Center;

(4)     Any and all records for counseling services and/or any other treatment provided to Minor G.P. from October 1, 2021, to present, from the Child Advocacy Center;

(5)     Any and all medical records for treatment provided to G.P. related to rashes and/or lice from January 1, 2019 to present from the Children's Care Clinic, L.P.; and

(6)     Any and all medical records for treatment provided to V.M. related to rashes and/or lice from January 1, 2019 to present from the Children's Care Clinic, L.P.

Narvaez filed a motion for protective order and motion to quash the notice of subpoena and depositions by written questions for these providers.[5] Narvaez argued that these notices and depositions by written questions should be quashed because "[t]he requests are outside the scope of discovery because they are overbroad, harassing,

---

[4] An ARD committee "determines a student's eligibility to receive special education services and develops the [IEP] of the student." TEX. EDUC. AGENCY, *A Guide to the Admission, Review and Dismissal Process* 3 (2002), http://ritter.tea.state.tx.us/taa/sped101402a.pdf (last visited Oct. 3, 2023). The IEP "includes the student's present levels of performance, measurable annual goals including benchmarks and short-term objectives, specific supports and modifications, dates of service, and evaluation procedures." *Id.* at 4.

[5] Relators also propounded discovery requests to First Steps Pediatric Therapy Specialists (First Steps). According to the record, First Steps provides G.P. with speech and occupational therapy. Narvaez's motion for protective order and motion to quash requested the trial court to quash the discovery requests propounded to First Steps, and the trial court granted her request. Relators do not contend in this original proceeding that the trial court abused its discretion regarding this ruling. Accordingly, we do not address the trial court's order as it pertains to the discovery requests propounded to First Steps.

irrelevant, and heavily implicate Plaintiffs' privacy rights without being reasonably calculated to lead to admissible evidence."

The Children's Advocacy Center of Hidalgo County (CAC) filed a separate motion to quash and for protective order premised, in relevant part, on its records' confidentiality under Texas Family Code § 261.201. *See* TEX. FAM. CODE ANN. § 261.201 (regarding the confidentiality and disclosure of information pertaining to child abuse or neglect). The CAC argued that relators had not complied with the family code's requirements necessary to obtain the disclosure of its confidential records. *See id.*

Relators filed a response to Narvaez's motion for protective order. Relators asserted that the records were reasonably calculated to lead to the discovery of admissible evidence, were limited in time and scope, and fell within the litigation exception to the patient-physician privilege. Relators urged that Narvaez was required to produce records from Children's Care Clinic, Anchor of Hope, and the CAC in response to their requests for disclosures but failed to do so. They further asserted that the CAC records were essential to the administration of justice and requested the trial court to conduct an *in camera* review of these documents. Relators asserted that the school records were also discoverable "because they shed light on how [G.P.] is progressing at school and [day care] and whether any material disruption to his daily routine has occurred since the incident."

On July 26, 2023, the trial court held a non-evidentiary hearing on Narvaez's motion for protective order and motion to quash. Narvaez's counsel argued that relators should not be given access to the records at issue because they presented a "medical

5

privacy issue." Relators and the CAC made substantially the same arguments as in their written filings.

The trial court stated that it was going to order the parties to mediate the case and announced that it was "going to grant the protective order you've requested for now." However, the trial court nevertheless verbally ordered Narvaez's counsel to obtain the children's medical records regarding diagnoses and treatment for rashes and lice, and to produce those records to relators. The trial court refused to require the production of other records "at this time." Relators' counsel asked the trial court if they could "come back and revisit these issues" if the case did not settle at mediation. The trial court informed counsel that, "[f]or right now, if you all don't resolve it, that's the order of the Court. If you all want me to consider anything else, submit another request and then I can . . . give you another setting." The trial court thereafter admonished the parties to prepare for mediation and trial.

On July 28, 2023, the trial court signed an order granting Narvaez's motion for protective order and motion to quash.[6] The order further required the parties to engage in mediation within forty-five days. The record does not reflect that the trial court made a separate ruling on CAC's motion to quash and for a protective order.

This original proceeding ensued. Relators present two issues through which they assert that: (1) the trial court clearly abused its discretion by quashing relators' "relevant and tailored" discovery requests; and (2) relators lack an adequate remedy by appeal.

---

[6] "When there is an inconsistency between a written judgment and an oral pronouncement of judgment, the written judgment controls." *In re L.G.R.*, 498 S.W.3d 195, 206 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *see In re A.S.G.*, 345 S.W.3d 443, 448 (Tex. App.—San Antonio 2011, no pet.).

This Court requested and received a response to the petition for writ of mandamus from Narvaez. Narvaez contends mandamus should be denied on grounds that: (1) mandamus is premature because the trial court deferred ruling on whether to permit the discovery; (2) the trial court orally ordered the production of some records and Narvaez has complied with that order; (3) relators failed to comply with statutory requirements necessary to obtain the results of a child abuse investigation; and (4) the requests are overbroad and irrelevant.

## II.    STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy." *In re Kuraray Am., Inc.*, 656 S.W.3d 137, 142 (Tex. 2022) (orig. proceeding) (per curiam) (quoting *In re Nat'l Lloyds Ins.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding) (per curiam)).

## III.    RIPENESS

We first address Narvaez's contention that relators' request for mandamus relief

7

should be denied because it is premature. According to Narvaez, the trial court only rendered a "tentative" ruling denying relators' discovery requests pending the results of mediation. Narvaez thus alleges that relators' petition for writ of mandamus is not ripe, and relief would be inappropriate because an opinion would be advisory in nature. Narvaez further asserts mandamus is improper when relief would be premised on speculation or supposition. According to Narvaez, "it is unclear . . . what the trial court would do if mediation failed."

"The courts of this state are not empowered to give advisory opinions," and "[t]his prohibition extends to cases that are not yet ripe." *Patterson v. Planned Parenthood of Hous. & Se. Tex., Inc.*, 971 S.W.2d 439, 443 (Tex. 1998). "A case is not ripe when its resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass." *Id.* The prohibition against issuing advisory opinions applies to original proceedings. *In re Kuster*, 363 S.W.3d 287, 290 (Tex. App.—Amarillo 2012, orig. proceeding). Thus, we do not grant "mandamus relief based upon events that have not yet occurred and remain merely hypothetical." *Id.*; *see, e.g.*, *In re Ford Motor Co.*, 124 S.W.3d 147 (Tex. 2003) (orig. proceeding) (per curiam); *In re Rodriguez*, 409 S.W.3d 178, 180 (Tex. App.—Beaumont 2013, orig. proceeding) (per curiam); *In re Watson*, 259 S.W.3d 390, 392–93 (Tex. App.—Eastland 2008, orig. proceeding). Similarly, we do not issue a writ of mandamus when the petition and the record supporting it require us to speculate. *In re Colony Ins.*, 978 S.W.2d 746, 747 (Tex. App.—Dallas 1998, orig. proceeding [mand. denied]).

8

We disagree that relators' petition for writ of mandamus is premature, that its resolution requires speculation, or that its merits depend on the results of the forthcoming mediation. The trial court did not take the matters regarding discovery under advisement but has instead issued an order granting Narvaez's motion for protective order and motion to quash. Accordingly, we reject Narvaez's contentions regarding the ripeness of this mandamus proceeding.

## IV.    ANALYSIS

In their first issue, relators assert that the trial court abused its discretion by quashing relators' "relevant and tailored discovery requests" regarding G.P. and V.M.'s educational and medical records. In their second issue, relators contend that they lack an adequate remedy by appeal to address the trial court's error.

## A.    The CAC

We first address relators' contention that the trial court abused its discretion with regard to the records possessed by the CAC. Relators specifically assert that the trial court abused its discretion by refusing to perform an *in camera* review of the records before entering an order regarding their disclosure. In contrast, Narvaez contends that relators failed to follow the statutory procedure necessary to obtain the records.

Under Texas Family Code § 261.201, confidential information "is not subject to public release" under the government code "and may be disclosed only for purposes consistent" with the family code, federal or state law, or rules adopted by an investigating agency. TEX. FAM. CODE ANN. § 261.201(a). The family code defines "confidential" information as:

9

> (1) a report of alleged or suspected abuse or neglect made under this chapter and the identity of the person making the report; and
>
> (2) except as otherwise provided in this section, the files, reports, records, communications, audiotapes, videotapes, and working papers used or developed in an investigation under this chapter or in providing services as a result of an investigation.

*Id.* § 261.201(a)(1), (2); *see City of Waco v. Abbott*, 209 S.W.3d 104, 105 (Tex. 2006) (per curiam).

However, the family code nevertheless grants the trial court discretion to order the disclosure of such confidential information under specific circumstances. *See* TEX. FAM. CODE ANN. § 261.201(b), (c); *see also id.* § 261.201(b-1) (governing cases regarding the license or certification of a professional or educator). A trial court is authorized to order the disclosure of confidential information if, after providing appropriate notice and hearing, the trial court finds that disclosure is "essential to the administration of justice" and "not likely to endanger the life or safety" of the child who is the subject of the report, the person who made the report, or any other person who participated in the investigation or provides care for the child. *See id.* § 261.201(b), (c). The trial court's consideration regarding the disclosure of confidential information can be invoked by a motion filed under § 261.201(b), in which case the trial court must perform an *in camera* review of the requested information, or the trial court may "on its own motion" order the disclosure of confidential information under § 261.201(c). *See id.* We review the trial court's ruling for an abuse of discretion. *Starkey v. Stainton*, 652 S.W.3d 80, 89 (Tex. App.—Fort Worth 2022, no pet.); *In re Duffer*, 438 S.W.3d 864, 866 (Tex. App.—Texarkana 2014, orig. proceeding); *see also In re Chesses*, 388 S.W.3d 330, 339 (Tex. App.—El Paso 2012, orig. proceeding)

10

(considering the application of the phrase "essential to the administration of justice").

Relators argue that the trial court erred by failing to conduct an *in camera* review of the documents from the CAC. However, the trial court's duty to conduct an *in camera* review of the documents is triggered only when "a motion has been filed with the court requesting the release of the information" and "a notice of hearing has been served on the investigating agency and all other interested parties." TEX. FAM. CODE ANN. § 261.201(b)(1), (2). Here, neither relators nor any other party filed such a motion, nor was notice provided that the matter was set for hearing. *See id.* § 261.201(b), (c).[7] In this regard, we note that the transcript from the trial court's hearing on this discovery is entitled as a hearing on "Motion for Protective Order and Motion to Quash." Accordingly, we conclude that the trial court did not abuse its discretion in denying relief as to the records from the CAC, and we overrule relators' contentions that they are entitled to relief regarding these records.

## B.     School and Day Care Records

Relators seek the discovery of G.P.'s school and day care records from Edinburg Consolidated Independent School District (ECISD) and Learning Journey, LLC from October 1, 2021 to present. Relators assert that "[t]hese records are reasonably calculated to lead to the discovery of admissible evidence because they shed light on

---

[7] Relators' response to the plaintiffs' motion for protective order includes a section in which they asserted that the CAC's records were "likely essential for the administration of justice," and in which they requested the trial court to review the documents *in camera*, make the necessary determinations under the statute, and order their production. The prayer for relief in relators' response makes no mention of any request for affirmative relief. We need not address whether this pleading could potentially suffice as a motion under § 261.201(b) because, in any event, there was no notice served that the matter was set for hearing. *See* TEX. FAM. CODE ANN. § 261.201(b).

11

how [G.P.] is progressing at school and [day care] and whether any material disruption to his daily routine has occurred since the incident." According to relators, "the jury will have to assess whether there has been a substantial change to [G.P.'s] routine as a result of his mental anguish," and relators contend that G.P.'s "[day care] and school records speak directly to that issue." Narvaez does not directly address the discovery of G.P.'s educational and day care records in contrast to the other records, nor does she assert that they are covered by any specific privilege. Accordingly, we review the requests for these records in the context of Narvaez's general claims that the requested records are overbroad and irrelevant.

A party is permitted to "obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." TEX. R. CIV. P. 192.3(a). Evidence is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. TEX. R. EVID. 401. "Because the purpose of discovery is to enable courts to decide disputes based on 'what the facts reveal, not by what facts are concealed,' the rules must be 'liberally construed to allow the litigants to obtain the fullest knowledge of the facts and issues prior to trial.'" *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 248 (Tex. 2021) (orig. proceeding) (first quoting *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 394 (Tex. 2014), and then quoting *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 553 (Tex. 1990) (orig. proceeding)).

We conclude that the requested discovery is relevant to the existence and extent

12

of damages causally attributable to the relators' alleged acts and omissions. *See, e.g.*, *In re Cent. Or. Truck Co.*, 644 S.W.3d 668, 669 (Tex. 2022) (orig. proceeding) (stating, in part, that educational records were relevant to the existence and extent of damages). In other words, the records are relevant to G.P.'s condition following the incidents at issue.

We turn to Narvaez's contention that the request is overbroad. Discovery must be reasonably limited in time, place, and subject matter. *In re Nat'l Lloyds Ins.*, 449 S.W.3d at 489. Further, discovery is subject to a "proportionality" analysis that requires a "case-by-case balancing of jurisprudential considerations." *In re State Farm Lloyds*, 520 S.W.3d 595, 599 (Tex. 2017) (orig. proceeding); *see In re USAA Gen. Indem. Co.*, 624 S.W.3d at 792) (discussing the proportionality analysis as derived from Tex. R. Civ. P. 192.4); *see also In re Cent. Or. Truck Co.*, 644 S.W.3d at 669.

Here, relators seek discovery from two entities for a period beginning on or about the date of the alleged sexual assault until present, a period of approximately two years. The nature of the discovery sought is directly relevant to the substance of the underlying claims—i.e., that relators were negligent in providing day care services. We conclude that the discovery requests are narrowly tailored, reasonably limited in time and scope, and do not run afoul of a proportionality review. *See In re State Farm Lloyds*, 520 S.W.3d at 599; *In re Nat'l Lloyds Ins.*, 449 S.W.3d at 489.

We conclude that the trial court abused its discretion in denying relief as to G.P.'s school and day care records from Edinburg CISD and Learning Journey, LLC, and we sustain relators' contentions that they are entitled to relief regarding these records.

13

## C. Post Incident Counseling and Billing Records

Relators seek G.P.'s counseling records and billing records from Anchor of Hope Counseling Center from October 1, 2021, to present. They assert that these records fall within Narvaez's required disclosures under the rules of civil procedure. Narvaez asserts generally that these records are protected by medical privilege but does not otherwise address relators' contention concerning their discoverability. *See, e.g.*, TEX. R. EVID. 509 (physician-patient privilege and exceptions in civil cases); *id.* R. 510 (mental health information privilege and exceptions in civil cases); *R.K. v. Ramirez*, 887 S.W.2d 836, 842–43 (Tex. 1994) (orig. proceeding); *Groves v. Gabriel*, 874 S.W.2d 660, 661 (Tex. 1994) (orig. proceeding) (per curiam); *Coates v. Whittington*, 758 S.W.2d 749, 753 (Tex. 1988) (orig. proceeding); *In re Barnes*, 655 S.W.3d 658, 672 (Tex. App.—Dallas 2022, orig. proceeding), *mand. filed sub nom.*, *In re Richardson Motorsports*, No. 22-1167 (Tex. Dec. 22, 2022).

Texas Rule of Civil Procedure 194.2 governs a party's initial disclosures. *See* TEX. R. CIV. P. 194.2.[8] In relevant part, this rule states that "in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case," a party must provide to the other parties "all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills" and "all medical records and bills obtained

---

[8] Rule 194.2 was amended, effective January 1, 2021, "to require disclosure of basic information automatically, without awaiting a discovery request," whereas previously the rule required the disclosure of basic information only upon request. *See generally* Order, Misc. Docket No. 20-9153 (Tex. Dec. 23, 2020) (approving rule amendments); TEX. R. CIV. P. 194.6 cmt. The parties do not suggest that the amendment affected the substance of the rule as applied to this case, and we cite the current version of the rule. *See* TEX. R. CIV. P. 194.2.

by the responding party by virtue of an authorization furnished by the requesting party." *See id.* R. 194.2(b)(10), (11); *id.* R. 194.1; *In re TMD Def. & Space, LLC*, 649 S.W.3d 764, 773 (Tex. App.—El Paso 2022, orig. proceeding).

Here, Narvaez has alleged in her petition that relators intentionally inflicted emotional distress on the plaintiffs and that the plaintiffs have suffered "extreme mental anguish." In terms of damages, Narvaez seeks to recover past and future "expenses related to psychological counseling and other expenses" that "were rendered necessary as a direct result of the intentional and negligent acts of the Defendants." In short, Narvaez alleges that the plaintiffs sustained physical and mental injuries as a result of the occurrence that is the subject of the case, and thus the medical records and bills that are reasonably related to the injuries or damages asserted are automatically discoverable. *See* Tex. R. Civ. P. 194.2(b)(11), (12); *id.* R. 194.1.

We conclude that the trial court abused its discretion in denying relief as to GP's counseling records and billing records from Anchor of Hope Counseling Center, and we sustain relators' contentions that they are entitled to relief regarding these records.

## D.  Medical Records

Finally, relators seek medical records for treatment provided to G.P. and V.M. related to rashes and lice from January 1, 2019, to present, from the Children's Care Clinic, L.P. Narvaez alleges that the trial court orally ruled that she must "get copies of those specific records only" and produce them to relators. Narvaez contends that she procured the relevant records and has produced them to relators. In conjunction with this argument, Narvaez has provided the Court with a copy of her counsel's August 25, 2023

15

letter to relators stating that "all medical records relating to any mention of lice or rash" from the Children's Care Clinic, L.P. from January 1, 2019, to date were being produced, pursuant to the court's order, as an attachment to that correspondence. Relators have not addressed this contention.

We agree with Narvaez that, on this record, this issue is moot. *See In re Cont. Freighters, Inc.*, 646 S.W.3d 810, 813 (Tex. 2022) (orig. proceeding) (per curiam); *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). Thus, we dismiss relator's contention regarding these records as moot.

## E.     Appellate Remedy

In their second issue, relators assert that they have no adequate appellate remedy from the trial court's rulings. They contend that the discovery "goes to the heart" of plaintiffs' claimed injuries and damages, and the trial court's order "effectively eliminate[s] [their] ability to counter [Narvaez's] select narrative of how her children were injured." They further assert that the requested discovery cannot be made part of the record, thus, an appellate court reviewing the case on appeal from a final judgment would not be able to determine whether the ruling harmed relators.

Mandamus typically does not issue for orders refusing to compel discovery because in most instances there is an adequate remedy by appeal. *See In re Allied Chem. Corp.*, 227 S.W.3d 652, 658 (Tex. 2007) (orig. proceeding); *In re Muller*, 612 S.W.3d 701, 704 (Tex. App.—Amarillo 2020, orig. proceeding). Nevertheless, the supreme court has delineated specific circumstances in which an appeal may be an inadequate remedy for

16

such an order:

> An appellate remedy may not be adequate where (1) an appellate court cannot cure the discovery error, such as when confidential information is erroneously made public, (2) the party's ability to present a viable claim or defense—or reasonable opportunity to develop the merits of the case—is "severely compromised" so that the trial would be a waste of resources, or (3) discovery is disallowed and cannot be made part of the appellate record such that a reviewing court is unable to evaluate the effect of the trial court's error based on the record. *Walker*, 827 S.W.2d at 843–44. A party's ability to present and develop its case may be severely compromised when the denied discovery goes "to the very heart" of a party's case and prevents it from "developing essential elements" of its claim or defense. *Able Supply Co. v. Moye*, 898 S.W.2d 766, 772 (Tex. 1995) (orig. proceeding).

*In re K & L Auto Crushers, LLC*, 627 S.W.3d at 256.

We conclude, based on the specific circumstances presented in this case and considering the benefits to mandamus review as compared to its detriments, relators have shown that they lack an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker*, 827 S.W.2d at 839–40. The denied discovery was necessary to develop defenses that go to the heart of relators' case regarding the causal connection between their acts and omissions and plaintiffs' alleged damages, and relatedly, the extent of any alleged damages sustained. *See In re K & L Auto Crushers, LLC*, 627 S.W.3d at 256–57. Further, "the effects of the trial court's denial of discovery will evade review by any higher court because the discovery [relators] cannot obtain is from third parties, the providers, and thus cannot be included in the appellate record." *In re ExxonMobil Corp.*, 635 S.W.3d 631, 635–36 (Tex. 2021) (orig. proceeding) (per curiam). Under these circumstances, we conclude that relators lack an adequate remedy on appeal.

17

## V.    CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the record, the response, and the applicable law, is of the opinion that relators have, in part, met their burden of proof to obtain mandamus relief. Accordingly, we conditionally grant the petition for writ of mandamus, in part, as to relators' requests for records from Edinburg CISD, Learning Journey, LLC, and Anchor of Hope Counseling Center. We deny the petition for writ of mandamus, in part, as to relators' requests for records from the CAC. And we dismiss as moot the petition for writ of mandamus, in part, as to relators' requests for records from the Children's Care Clinic, L.P. We direct the trial court to vacate its order of July 28, 2023, and to enter an order in accordance with this memorandum opinion. Our writ will issue only if the trial court fails to comply.

GINA M. BENAVIDES
Justice

Delivered and filed on the
12th day of October, 2023.

18